FILED
2026 Sep-11 PM 04:27
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **ELDER ESTUARDO PELICO,** | ] | |
| | ] | |
| **Plaintiff,** | ] | |
| | ] | |
| **v.** | ] | **Case No. 1:26-cv-1062-ACA-JHE** |
| | ] | |
| **BARRY SMITH, et al.,** | ] | |
| | ] | |
| **Defendants.** | ] | |

**MEMORANDUM OPINION AND ORDER**

Petitioner Elder Estuardo Pelico filed a supplemental petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 alleging that he is unlawfully detained pursuant to 8 U.S.C. §§ 1225 and 1226(a) ("Count One") and in violation of his rights under the Fifth Amendment to the United States Constitution ("Count Two"). (Doc. 19). Because Mr. Pelico is entitled to an individualized bond hearing, the court **WILL GRANT IN PART** and **DENY IN PART** Mr. Pelico's petition.

## I. BACKGROUND

Petitioner Elder Estuardo Pelico is a native and citizen of Guatemala. (Doc. 19 ¶ 5.) In June 2026, local police officers apprehended Mr. Pelico while he was a passenger in a car driving near Cedar Bluff, Alabama. (Doc. 19 ¶ 11). He was transferred and processed by the Department of Homeland Security and remains in federal immigration custody. (Doc. 19 ¶ 5, 12). On July 28, 2026, Mr. Pelico's

request for a bond hearing was denied on jurisdictional grounds because the Immigration Judge found that he was an applicant for admission under §1225(b)(2)(A), rather than a noncitizen arrested in the interior of the U.S. under §1226. (Doc. 19 ¶¶ 16-18).

## II. DISCUSSION

### 1. Proper Respondent

Mr. Pelico filed his initial § 2241 petition against the Sheriff of Etowah County, the Chief of Detention for Etowah County Detention Center, the United States Attorney General, the United States Secretary of Homeland Security, the acting director of the United States Immigration and Customs Enforcement ("ICE"), and the ICE New Orleans office field director. (*Id.* at 1). Before considering the merits of the petition, the court must dismiss all claims against the Etowah County Sheriff and the Chief of Detention for Etowah County Detention Center.

A district court may grant relief against a properly named respondent in a § 2241 petition. *Braden v. 30th Jud. Cir. Ct. of Ky*, 410 U.S. 484, 495 (1973). And the proper respondent in a § 2241 action is the custodian with control over the petitioner. *Rumsfeld v. Padilla*, 542 U.S. 426, 439 (2004). After Mr. Pelico filed this petition, ICE moved him from Etowah County (doc. 7-1), so neither the sheriff nor the chief of detention are proper respondents. The court **WILL DISMISS** all claims against them.

**2. Count One**

Mr. Pelico's petition argues that he is entitled to a bond hearing pursuant to 8 U.S.C. § 1226(a) and seeks a hearing within seven days or release if one is not provided. (Doc. 19 ¶¶ 25–31). For their response to this court's order to show cause (doc. 21), Respondents note that they conceded back in June that Mr. Pelico is entitled to a bond hearing pursuant to 8 U.S.C. § 1226(a). (Doc. 22 at 2; *see also* doc. 12 at 4-5). They do not explain why, despite that concession, an immigration judge at Oakdale Immigration Court denied Mr. Pelico's request for a custody redetermination hearing on July 21, 2026. Respondents now seek "a reasonable period of ten days to arrange a bond hearing." (*Id.*).

The court finds that Mr. Pelico is entitled to a bond hearing under § 1226. The court **WILL GRANT** Mr. Pelico's petition on Count One with respect to the bond hearing. The court has generally granted Respondents a reasonable period of one week in cases in which it has ordered a bond hearing under § 1226. *See*, *e.g.*, *Pina Meza v. Powell, et al.,* No. 7:26-cv-1331-ACA-GMB, 2026 WL 2271299 (N.D. Ala. Aug. 6, 2026); *Tepec-Garcia v. Warden*, No. 5:26-CV-1175-ACA-GMB, 2026 WL 2028900, at *3 (N.D. Ala. July 13, 2026). And Respondents have known for three months that Mr. Pelico is entitled to an individualized bond hearing. (Doc. 12 at 4-5). Accordingly, the court **WILL ORDER** Respondents to provide the bond hearing on or before September 17, 2026.

Mr. Pelico's petition alternatively seeks immediate release. But § 1226 provides for a bond hearing, not release. Accordingly, the court **WILL DENY** this relief.

3. Count Two

Count Two asserts an alternative constitutional due process claim if the court does not provide relief on statutory grounds. (*Id.* ¶¶ 32–35). Mr. Pelico's petition states that "[i]f the Court grants relief under Count I, it need not reach this alternative constitutional claim." (*Id.* at ¶ 35). Because the court grants Mr. Pelico relief under Count I, it **WILL DENY AS MOOT** Count II.

## III. CONCLUSION

For the reasons stated above, the court **DISMISSES** Barry Smith and Jonathan Horton and **GRANTS IN PART** and **DENIES IN PART** Mr. Pelico's § 2241 petition. The court **ORDERS** Respondents to provide Mr. Pelico an individualized bond hearing on or before September 17, 2026. The court **DIRECTS** Respondents to file a notice **on or before September 21, 2026** reporting on the results of the individualized bond hearing. The court **DENIES** all remaining requested relief. The court also **DENIES AS MOOT** Count Two of Mr. Pelico's petition.

The court retains jurisdiction to effectuate this order. The court **DIRECTS** the Clerk to enter judgment in Mr. Pelico's favor and close this file. The court will enter a separate final judgment consistent with this opinion.

**DONE** and **ORDERED** this September 11, 2026.

**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE